## MITCHELL *vs.* THE REAL ESTATE BANK.

It is more regular to *demur* to a plea, when it is bad, than to move to strike it out; but, if stricken out, this Court will not reverse the cause, to the end that a demurrer may be filed to a bad plea.

THIS was an action of debt, commenced by attachment, and determined in Phillips Circuit Court, in June, 1842, before the Hon. JOHN C. P. TOLLESON, one of the circuit judges. The Bank sued Mitchell, and took order of publication, in November, 1841. In May, 1842, after publication made, the defendant moved to dissolve the attachment, for want of a sufficient bond. This motion was not directly decided, but the court quashed the *bond*, and gave leave to file a new bond, which was filed, and approved by the court. On the 30th of May, the defendant filed and immediately withdrew a new motion to dissolve the attachment; and, on the 31st, he pleaded in abatement, that no such bond as required by law had been filed, before the writ issued, nor was then filed. The court, on motion of the plaintiff, struck out this plea, on the ground that the defendant had already appeared to the merits. No further defence being made, judgment went for the plaintiff, and defendant appealed.

*W. & E. Cummins,* for the appellant. The proceedings by attachment are in derogation of the common law, and are to be in strict conformity with the statute authorizing them. *Hughes vs. Martin,* 1 *Ark.* 386. *Didier et al. vs. Galloway,* 3 *Ark.* 501. And any defect in the bond, or a want of a bond in attachment, is good ground to vacate the writ. The plea in this case shows that no bond had been filed, begins and concludes in abatement, and is properly sworn to. We are at a loss to know upon what ground the plea was stricken out. The motion to quash was a mere informal attempt to abate the writs. The party never did and never intended to appear to the merits. He simply insisted that the writs were void, and that he was under no

65

legal obligation to appear to the action. What constitutes an appearance? *Murphey vs. Williams,* 1 *Ark.* 376.

The court erred in permitting the plaintiff below to file a new bond in attachment, after quashing the original bond. The court had a right to quash the bond, on motion, the same being a mere nullity. It was not voidable, but void, for the purpose for which it was designed. The proceedings were irregular, and the party had a right to set them aside, on motion. 1 *Tidd's Pr.* 440.

There is no such service of process in said cause as would warrant the court below in taking jurisdiction over the defendant below, or the subject matter of the suit. *Desha vs. Baker et al.* 3 *Ark.* 509. There is no appearance of the party, to do away with the necessity of service.

The writs issued in said cause were unwarranted by law, inasmuch as no sufficient affidavit of the cause of action was filed before the writs issued. *Sec.* 3, *Chap.* 13, *Rev. St. Ark.* The affidavit does not verify the demand set out in the declaration, and recovered by the final judgment. The writ in said cause, directed to St. Francis county, was absolutely void. The writ could only issue to that county upon the supposition that defendant had property therein. *Sec.* 5, *Chap.* 116, *Rev. St.* There was no allegation of property, and the return shows that there was none.

The judgment for costs is erroneous. The plaintiff had no right to recover the cost of the writ to St. Francis. And the judgment for costs, at all events, should have been for a specific sum, taxed as costs. In all cases not provided for by statute, the common law governs; and, by the common law, judgment was always for a specific sum, as costs.

*Pike & Baldwin,* contra. Whether upon the proper ground or not, the plea was properly stricken out. It attempted to quash the writ, on two grounds: First, that no sufficient bond was filed when the suit was commenced. Second, that no sufficient bond had yet been filed.

The first ground had already been determined by the court, in defendant's favor, and a new bond filed.

The second ground could not operate backward, so as to quash the

writ. If the second bond was not a good one, the point should have been reserved when it was filed and *approved*. The plea came too late, on this ground; and it came too late under the statute.

The plea was manifestly false, and therefore properly stricken out. *Oakley vs. Devoe et al.*, 12 *Wend.* 196. *Steward vs. Hotchkiss*, 2 *Cowen*, 634. *Tucker vs. Ladd*, 4 *Cowen*, 47. *Young vs. Gadderer*, 1 *Bing*. 380. *Richley vs. Proone*, 2 *B. & C.* 286. 5 *B. & A.* 750, and note. *Belden vs. Devoe et al.*, 12 *Wend.* 223. *Graham's Pr.* 250, 251.

So, a palpably frivolous plea will be stricken out, on motion. *Heaton vs. Bartlett & Chace*, 13 *Wend.* 672. The plea was bad for duplicity, and therefore properly stricken out.

Further, the reason assigned was a good one. The defendant had moved to dissolve the attachment. This was an appearance. The motion prevailed, and improperly too, (*Didier vs. Galloway*, 3 *Ark.* 501), and then he wished to have further advantage of the same matter.

The court decided properly, in permitting a new bond to be substituted. *Alford vs. Johnson*, 9 *Porter*, 320. *Jackson vs. Stanley*, 2 *Ala. N. S.* 329.

It was wholly unnecessary for the bank itself to be an obligor in the bond. Though a statute *expressly* requires (which ours only does by implication,) the party *himself* to enter into recognizance, with sufficient sureties, he need not himself enter into recognizance, but may find sureties who will do it for him. Such is the construction under the *express* language of the *Statute of Maine*, and of *Stat.* 3 *Jac.* 1. *Cap.* 8. *Vallance vs. Sawyer*, 4 *Greenl.* 62. *Goodtitle vs. Bennington*, *Barnes*, 75. *Lushington vs. Doe*, *ib.* 78. *Barnes vs. Bulwar*, *Carth.* 121. *Keene vs. Deardon*, 8 *East.* 298. *Dixon vs. Dixon*, 2 *B. & P.* 443.

*By the Court*, DICKINSON, J. The question turns upon a rule of practice—the striking out of the plea. It is certainly more regular to demur, when the plea is not good, (as in this case), and let it be adjudged bad, on demurrer; but, if it is rejected, on the application of the plaintiff, the court will not reverse the cause, that a demurrer may

be filed to a bad plea; and it was so ruled, as we think, correctly, in the case of *Depen et al. vs. Bank of Limestone*, 1 *J. J. Marsh.* 380. The judgment must be affirmed.

*W. & E. Cummins*, for the appellant, presented a petition for reconsideration, which was refused, and the judgment affirmed.